IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Allen HARPER, José LEON, and Ranfis PEREZ on behalf of themselves and all others similarly situated; and the RELEASE AGING PEOPLE IN PRISON CAMPAIGN ("RAPP"), <br><br> Plaintiffs, <br><br> v. <br><br> ANDREW CUOMO, in his official capacity as the Governor of the State of New York; NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION; ANTHONY J. ANNUCCI, in his official capacity as the Acting Commissioner of the New York State Department of Corrections and Community Supervision; JOHN MORLEY, M.D., in his official capacity as the Deputy Commissioner and Chief Medical Officer of the New York State Department of Corrections and Community Supervision; and JEFFREY TEDFORD, in his official capacity as the Superintendent of Adirondack Correctional Facility <br><br> Defendants. | Civil Action No. 9:21-cv-19 (LEK)(ML) |

## STIPULATION OF DISMISSAL PURSUANT TO RULE 41(a)(1)(A)(ii)

WHEREAS, on January 8, 2021, plaintiffs Allen Harper, José Leon, and Ranfis Perez, on behalf of themselves and all others similarly situated, and the Release Aging People in Prison Campaign ("RAPP") filed a class action complaint (the "Complaint") alleging that Defendants had failed to implement the health and safety protocols necessary to prevent the spread of the novel coronavirus disease ("COVID-19") at Adirondack Correctional Facility ("Adirondack") in

violation of the Eighth Amendment to the United States Constitution, the Americans with Disabilities Act, and the Rehabilitation Act of 1973; and

**WHEREAS**, all people incarcerated at Adirondack are now eligible under New York State guidelines to receive the COVID-19 vaccine (the "vaccine"); and

**WHEREAS**, Defendants have begun offering the vaccine to people incarcerated at Adirondack; and

**WHEREAS**, Defendants have agreed to continue to offer the vaccine to all people incarcerated at Adirondack, when available and consistent with guidance issued by the United States Centers for Disease Control and Prevention ("CDC") and the New York State Department of Health ("DOH"); and

**WHEREAS**, in the interest of avoiding continued litigation, the parties have resolved and settled the matters at issue in this proceeding as set forth in this Stipulation of Dismissal (the "Agreement"); and

**WHEREAS**, it is understood and agreed by the Parties that nothing contained in this Agreement shall be construed as an admission or concession of liability by, or on behalf of, any Parties to this Agreement, any and all such liability being denied; and

**WHEREAS**, all the parties hereto are competent adults.

**IT IS HEREBY STIPULATED AND AGREED** by and between the parties, by and through their respective counsel, as follows:

1. Pursuant to Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, this action is dismissed with prejudice and without costs or attorneys' fees to any party as against any other party. As no class was certified in this matter, this matter is being settled on behalf of Plaintiffs individually and not as a class action.

2. Defendants hereby agree to continue to offer the vaccine to all people incarcerated at Adirondack, when available and consistent with guidance issued by the CDC and DOH.

3. Defendants further agree to continue to offer the vaccine to any person incarcerated at Adirondack who previously refused the vaccine, upon the request of that person, when available and consistent with guidance issued by the CDC and DOH.

4. In consideration of Defendants' agreement set forth in paragraphs 2 and 3 above, Plaintiffs hereby release and discharge Defendants and their agents, officers, and employees, and the State of New York and their agencies, departments, officers, and employees, from any and all claims, liabilities, and causes or rights of action arising out of any and all the events set forth in the Complaint that have accrued up to and including the date of this Agreement. Plaintiffs waive any and all rights to recommence this lawsuit in any other forum for any relief arising out of the events that are the subject of the Complaint and that accrued up to and including the date of this Agreement.

5. Nothing in this Agreement shall be construed as an admission or concession of liability whatsoever by any of the Defendants, the State of New York, or the New York State Department of Corrections and Community Supervision regarding any of the allegations made by Plaintiffs in the Complaint.

6. This Agreement and any order entered thereon shall have no precedential value or effect whatsoever and shall not be admissible in any other action or proceeding as evidence or for any other purpose except in an action or proceeding to enforce this Agreement.

7. This Agreement embodies the entire agreement of the parties in this matter.

8. This Agreement may be executed in one or more counterparts and copies of signatures shall have the same force and effect as original signatures.

Dated: June ___, 2021
    Albany, N.Y.

LETITIA JAMES
Attorney General of the State of New York

_____
Michael G. McCartin
Konstandinos D. Leris
*Of Counsel*
Office of the Attorney General
The Capitol
Albany, New York 12224

*Attorneys for Defendants*


Dated: June 21, 2021
    Washington, D.C.

/s/ Jia Cobb

_____
Jia Cobb* (Bar Roll #520798)
Gabriel Diaz* (Bar Roll #702418)
Rebecca Livengood (Bar Roll #702388)
RELMAN COLFAX PLLC
1225 19th St. NW, Suite 600
Washington, D.C. 20036
T: (202) 728-1888
F: (202) 728-0848


Dated: June 21, 2021
    New York, N.Y.

/s/ Stefen R. Short

_____
Stefen R. Short (Bar Roll # 519275)
Sophia Gebreselassie* (Bar Roll #702436)
David Billingsley (Bar Roll #702407)
THE LEGAL AID SOCIETY
PRISONERS' RIGHTS PROJECT
199 Water Street, 6th Floor
New York, N.Y. 10038

*Attorneys for Plaintiffs*

*Admitted Pro Hac Vice*

Dated: June 22, 2021
Albany, N.Y.

_____
Cathy Y. Sheehan
Deputy Commissioner and Counsel
New York State Department of Corrections
and Community Supervision

IT IS SO ORDERED:

_____
Lawrence E. Kahn
Senior U.S. District Judge

Dated: June 25, 2021